

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00278-CR
No. 07-25-00281-CR

**JACOB AARON VERA, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 100th District Court
Hall County, Texas
Trial Court Nos. 4144 & 4145, Honorable Stuart Messer, Presiding

January 28, 2026

## ORDER OF ABATEMENT AND REMAND

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Jacob Aaron Vera, appeals from the trial court's judgments adjudicating him guilty of aggravated sexual assault of a child[1] and sentencing him to consecutive terms of forty years of confinement. The appellate record was originally due December 23, 2025, but the reporter's record has not yet been filed. By letter of December 30, 2025, we notified the reporter that the record was overdue and directed her to advise this Court

---

[1] *See* TEX. PENAL CODE § 22.021.

of the status of the record by January 9, 2026. To date, the reporter has not filed the record or had any further communication with this Court.

Accordingly, we abate the appeals and remand the causes to the trial court for further proceedings. *See* TEX. R. APP. P. 35.3(c) ("The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed."); 37.3(a)(2) (requiring appellate courts to "make whatever order is appropriate to avoid further delay and to preserve the parties' rights" when the appellate record is not timely filed). On remand, the trial court shall determine the following:

(1)     what tasks remain to complete the filing of the reporter's record;

(2)     why the reporter has not completed the necessary tasks;

(3)     what amount of time is reasonably necessary for the completion of those tasks; and

(4)     whether the reporter can complete the tasks within the time the trial court finds reasonable.

Should the trial court determine that the reporter will require more than thirty days to complete, certify, and file the reporter's record, it shall arrange for a substitute reporter to do so. The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental clerk's record and cause that record to be filed with this Court by February 27, 2026.

Should the reporter file the record on or before February 11, 2026, she is directed to immediately notify the trial court of the filing, in writing, whereupon the trial court shall not be required to take any further action.

It is so ordered.

Per Curiam

Do not publish.